UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
PAUL CHANDLER,

                    *Petitioner*,            **MEMORANDUM AND ORDER**
                                          **ADOPTING REPORT AND**
     -against-                            **RECOMMENDATION**

D.F. NAPOLI, Superintendent,              08-cv-3284(KAM)(VVP)
Southport Correctional Facility,

                    *Respondent*.
-----------------------------------X

**MATSUMOTO, United States District Judge:**

          On December 23, 2008, Paul Chandler ("petitioner")
filed this *pro se* petition for a writ of *habeas corpus*, pursuant
to 28 U.S.C. § 2254, challenging his conviction on, *inter alia*,
two counts of murder in the second degree and one count of
attempted murder in the second degree following a jury trial in
Supreme Court in Queens County, New York.  (*See* ECF No. 1,
Petition, filed 12/23/2008.)

          On July 19, 2011, Magistrate Judge Viktor V.
Pohorelsky issued a Report and Recommendation recommending that
petitioner's petition be denied in its entirety.  (*See* ECF No.
34, Report & Recommendation, dated 7/19/11.)  According to a
notation entered on the docket sheet, a copy of the Report and
Recommendation was mailed to petitioner on July 19, 2011.  (*See*
ECF No. 34, Docket Entry dated 7/19/11.)  As explicitly noted at
the end of the Report and Recommendation, any objections to the

Report and Recommendation were to be filed within fourteen days of receipt of the Report and Recommendation.  (ECF No. 34, Report and Recommendation at 23.)  On August 23, 2011, the court received a letter from petitioner dated August 17, 2011, in which he appears to assert that this court lacks subject matter jurisdiction and posits questions.  (*See* ECF No. 35, Letter dated 8/17/11 from Paul Chandler to Judge Matsumoto at 2-4, 6-7.)

## DISCUSSION

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *see also Johnson v. Cnty. of Wash.*, No. 10-CV-1497, 2011 U.S. Dist. LEXIS 59764, at *2 (N.D.N.Y. May 27, 2011) ("In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and

recommendations of a magistrate judge for clear error."). Similarly, when a party makes no objection to a portion of a Report and Recommendation, the court reviews that portion only for clear error. *See Batista v. Walker*, No. 94-CV-2826, 1995 U.S. Dist. LEXIS 10687, at *2 (S.D.N.Y. July 25, 1995); *Marcelin v. Cortes-Vazquez*, No. 09-CV-4304, 2011 U.S. Dist. LEXIS 8996, at *3 (E.D.N.Y. Jan. 28, 2011) ("The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed." (citing *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))). "An objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of [Federal Rule of Civil Procedure] 72(b)." *Wolff v. Town of Mount Pleasant*, No. 06-CV-3864, 2011 U.S. Dist. LEXIS 5959, at *5 (S.D.N.Y. Jan. 20, 2011); *see Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to report and recommendation not specific enough to constitute an objection under Federal Rule of Civil Procedure 72(b).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y.

Sept. 26, 2008) (citations and quotation marks omitted);
*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.
2006).  "Nonetheless, even a *pro se* party's objections to a
Report and Recommendation must be specific and clearly aimed at
particular findings in the magistrate's proposal, such that no
party be allowed a second bite at the apple by simply
relitigating a prior argument." *Pinkney v. Progressive Home
Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at
*2-3 (S.D.N.Y. July 21, 2008) (citation and internal quotations
marks omitted); *accord Evans v. Ericole*, No. 06-CV-3684, 2008
U.S. Dist. LEXIS 91556, at *5 (S.D.N.Y. Nov. 10, 2008)
(reviewing report and recommendation for clear error where *pro
se* plaintiff made only general objection); *Hazen v. Perlman*, No.
05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2 (N.D.N.Y. Sept.
9, 2008) (reviewing report and recommendation for clear error
where *pro se* plaintiff did not specifically object to any
particular portion of report).  Upon review, "[t]he district
judge may accept, reject, or modify the recommended disposition;
receive further evidence; or return the matter to the magistrate
judge with instructions." Fed. R. Civ. P. 72(b)(3).

        As an initial matter, it appears that petitioner's
letter is not a timely objection to the Report and
Recommendation, as it was written 29 days after the Report and
Recommendation was issued and mailed to petitioner.

Nonetheless, even assuming, *arguendo*, that petitioner did not receive the Report and Recommendation until August 3, 2011 - and that petitioner's August 17, 2011 letter can therefore be deemed "filed . . . within 14 days of receipt of th[e] report," (*see* ECF No. 34, Report and Recommendation at 23)[1] - petitioner's letter does not amount to an objection of any kind, much less a specific objection to a particular portion of the Report and Recommendation.  Indeed, petitioner's August 17, 2011 letter does not refer to Magistrate Judge Pohorelsky's Report and Recommendation, let alone any specific portion of it.  (*See generally* ECF No. 35, Letter dated 8/17/11 from Paul Chandler to Judge Matsumoto.)  Instead, petitioner makes general allegations that his confinement is contrary to law and he appears to direct the court to dismiss the criminal case against him.  Thus, in light of petitioner's vague and general objections, the court will review the entire Report and Recommendation for clear error.  In reaching this conclusion, the court is mindful of its obligation to construe the submissions of *pro se* litigants liberally.  *See Triestman*, 470 F.3d at 474.

        Having reviewed Magistrate Judge Pohorelsky's well-reasoned and thorough Report and Recommendation, the record

---

[1] Petitioner is entitled to the benefit of the "prison mailbox rule," which deems the papers of a petitioner who is in custody to be filed as of the date he gave the papers to prison authorities for mailing.  *See Noble* v. *Kelly,* 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  For the purposes of the instant Order, the court will assume that petitioner gave prison authorities his letter on the date he wrote it, August 17, 2011.

before the court, and the relevant case law, the court finds that there is no clear error in the Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Accordingly, petitioner's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, is denied.

Respondent is directed to serve a copy of this Memorandum and Order on petitioner and to file a declaration of service by September 21, 2011.

**SO ORDERED.**

Dated:      September 20, 2011
            Brooklyn, New York

                                        /s/
                              **Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York